Carroll,
June, 1894.

### DREW & a. v. COTTON & a.

A vote of a town to discontinue a highway located within the town is valid,
   though it forms part of a continuous thoroughfare into other towns.

PETITION, against the county commissioners and the town of
Eaton, for a writ of mandamus to compel the commissioners to
order the town to repair a highway.   Facts found by the court.
The highway was laid out by the selectmen in 1850, and forms
a part of a highway leading easterly into the state of Maine and
westerly across the town into the town of Madison.   In March,
1891, the defendant town voted to discontinue the highway in
question.   In August, 1893, the plaintiffs, who are citizens of
Eaton, in compliance with the provisions of Laws of 1893, c. 59,
filed a complaint with the commissioners alleging that the high-
way was out of repair and that the town refused to repair it.
These allegations were found to be true, and the commissioners
ordered the town to make the necessary repairs, unless it should
be held that the highway was discontinued.

*Josiah H. Hobbs,* for the plaintiffs.

*John B. Nash,* for the defendants.

*Per Curiam.** "Highways in a town may be discontinued
by vote of the town; if they extend beyond the limits of the
town, they may be discontinued upon petition to the supreme
court, and like proceedings thereon as in laying out highways."
G. L., c. 71, s. 1.   It is claimed that the town had no power to
discontinue the highway, because it extends beyond its limits, or
is a part of a continuous thoroughfare extending into other
towns.   For more than one hundred years, towns have exercised
the power to discontinue highways laid out by the selectmen,
subject to some  qualifications (s. 2) not so ancient, but not mate-

---

* Chief Justice Doe died March 9, 1896.  In this and all the following cases where the
opinion is *Per Curiam,* with the exception of those of December term, 1895, the judg-
ment was announced by him.  In all of them he stated orally, or read from brief and
informal·notes, the reasons of the judgment.  He wrote no opinion in any of them.  In
some cases he left nothing in writing except a memorandum of the order for judgment,
or of the conclusions of the court upon the questions submitted.  The opinions are pre-
pared by R. E. Walker, Esquire, whose purpose is to preserve as nearly as may be the
language of such of Judge Doe's notes as may be found, and in their absence to state as
briefly as possible in his own language the grounds of the decision.  The opinions thus
prepared are in every instance examined and approved by one or more of the surviving
justices.

rial in this case. It has not been understood that this power applied only to highways not connected with others in other towns. If there are highways so disconnected, their great infrequency is strong evidence that the legislature did not intend to limit the discontinuing jurisdiction of towns to highways of that character. Such a construction would deprive the statute of all practical effect and make it difficult to sustain the legality of a large number of discontinuances of highways that have been ordered by towns in reliance upon the statute. Unless the language of the statute requires such a construction, it will not be adopted. *Bailey* v. *Rolfe*, 16 N. H. 247, 252; *Concord Railroad* v. *Greely*, 17 N. H. 47, 62; *Brown* v. *United States*, 113 U. S. 568; *Packard* v. *Richardson*, 17 Mass. 122, 144.

The statute does not expressly declare that a town cannot discontinue a highway extending beyond its limits. It was not necessary to enact that it cannot discontinue a highway in another town. The provision relating to highways in more than one town is affirmative. "If they extend beyond the limits of the town they may be discontinued upon petition to the supreme court." The power of selectmen to lay out a highway is confined to their town. G. L., c. 67, s..1. Highways thus laid out are "highways in a town," within the meaning of the statute, which does not expressly or inferentially declare them to be parts of highways in more than one town, because they connect with roads leading into other towns and states. The highway in question, having been laid out by the selectmen, and being wholly within the town, was legally discontinued by the vote of the town.

*Petition dismissed.*

WALLACE, J., did not sit: the others concurred.

